## ACTION FOR RECOVERY OF BALANCE CLAIMED TO BE DUE ON AN INSURANCE POLICY.

Circuit Court of Summit County.

LAURA E. WALKER V. THE EMPIRE LIFE INSURANCE COMPANY.

Decided, April 21, 1905.

*Insurance—Settlement for Less than Face of Policy—Tender of Amount Received—Action for Balance.*

A petition which recites that the plaintiff was entitled to receive the sum of $3,000 from an insurance company on a policy for that amount issued on the life of her father, but that by the fraud of the company she was induced to accept $2,000 in full for her claims under the policy, and asking judgment against the company for the balance of $1,000, does not present a case in tort, for damages arising from the fraud, but is on the contract of insurance and can not be maintained until the $2,000 paid by the insurance company has been returned or tendered to it.

*Tibbals & Frank,* for plaintiff in error.
*Grant & Sieber,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This case comes here upon proceedings in error.  Suit was brought in the court of common pleas by Laura E. Walker against the defendant, the Empire Life Insurance Company.  To the petition the defendant filed an answer and to that answer the plaintiff replied.

The pleadings being in that situation, the insurance company filed a motion for judgment on the pleadings. The court sustained the motion, dismissing the plaintiff's petition and entering judgment for defendant for its costs.

The petition sets forth that the defendant is a corporation, etc., doing a life insurance business; that on or about the 14th day of April, 1897, in consideration of the payment of monthly premiums the exact amount of which is unknown to this plaintiff, but is well known to the defendant, said defendant did then and there execute and deliver to this plaintiff its written policy of insurance whereby it, the defendant, did insure the life of Samuel N. Shaffer, plaintiff's father, for the sum of three thousand dollars; and did then and there promise to pay this plaintiff said sum of $3,000 within three months after satisfactory proof of the death of said Samuel N. Shaffer was made out and furnished to the defendant upon its blank forms therefor provided. She says that she is unable to state the exact date and number of the policy for reasons which are set up later in the petition. She says that the contract of insurance had a provision written in it providing, in substance, that the representations, waivers and agreements contained in the written application made by said Samuel N. Shaffer for said contract of insurance were a part of said policy, and that the said representations, waivers and agreements in said written application were warranted to be true by the insured, and were binding not only upon him but upon his legal representatives, and every other person acquiring an interest in said policy, including this plaintiff to whom the same, by its terms, was payable; and all said statements, representations, waivers and agreements were to be regarded as material and to be full and true warranties, and to be the only statements and conditions upon which said policy was issued. She says that Samuel N. Shaffer died about the 13th of March, 1902; that proper proofs of his death were made to the insurance company; that a representative of the company came to see her, and represented to her that certain of the statements made by Shaffer in his application for the insurance were not true. That it was not true, as represented in said applica-

tion, that Shaffer had not within five years previous to his application therefor, been ill with rheumatism, pneumonia and grippe, and that he had not been treated by any physician for any such disease, but insisted to her that Shaffer had been ill from some of these diseases at least, and that a physician, Doctor Carter, the family physician, had treated him for grippe and pneumonia within five years previous to the date of the application, and that by the terms of his application for insurance the insured had represented and warranted that he had not been so sick, etc.; and, therefore, that the company was not liable in any sum to the plaintiff. She says that by reason of those representations made to her by Wilson she was induced to and did accept $2,000 in full payment of the amount coming to her under the policy and delivered the policy over to the representative of the insurance company. But she says that these statements made to her by the representative of the company were not true; that a fraud was perpetrated upon her in that wise, and that she has been damaged and wronged in the sum of $1,000 by reason of these representations so made to her by the representative of the insurance company.

The insurance company admits the issuing of the policy, admits that Shaffer died and that proofs were made. Admits that one Willson, and not Williams, as alleged in the petition, came to Akron; that he met the plaintiff; that he offered to pay her $2,000 on said policy and no more, and that she then and there accepted the sum of $2,000 in full satisfaction of all claims made by her on account of said policy and duly surrendered the same to this defendant.

The company further says that the application upon which the said policy of insurance was issued. and which, by the terms of said policy, was made a part thereof, in answers to questions therein contained, that the said insured did say that he had not been ill and that he had not been treated by a physician, and the like, and they say that the representations that he made were not true, and that they were thereby relieved from payment, but that they paid $2,000 in compromise of the claim.

Then by cross-petition they set out the payment of $2,000 taken and kept by the plaintiff, and they pray to have that restored to them.

To that the plaintiff replied, denying all the new matter set out in that answer.

Then the defendant made this motion:

"The said defendant hereby dismisses, for the purposes of this motion, its cross-petition herein, and thereupon moves the court for judgment dismissing the plaintiff's petition, and for its own costs in this behalf made, upon the pleadings on file herein, to-wit, the petition of the plaintiff, the answer of the defendant, and the reply of the plaintiff to this answer."

Of course, the claim made on the part of the defendant is that there was a dispute between these parties, the plaintiff claiming that the defendant was indebted to her in the sum of $3,000; the defendant denying that it was indebted to her in any sum whatever; that a compromise of that dispute was made by payment to the plaintiff by the defendant the $2,000; and that this action must either be in effect a suit to set aside that contract of settlement so made, or a suit upon this policy of insurance. If it is made for the purpose of setting aside the contract so made, then that the plaintiff, before she is entitled to any such relief, must tender back to the insurance company the money that it has paid and let them start out anew upon the dispute that there was between them, and that if she chooses to affirm and hold on that by holding on to the $2,000 she affirms the contract that was made; refuses to give anything back, but says: "I want something more."

Counsel on both sides seem to recognize that the case of *Manhattan Life Insurance Company* v. *Burke.* 69 O. S., 294, at least has a bearing on the question here; and on the part of the defendant it is claimed that it settles the controversy and settles it against the plaintiff, and we think that view is correct. The first paragraph of the syllabus reads:

"Where at the time of a compromise of a claim founded on a contract of life insurance, a dispute exists between the parties as to the liability of the company in any sum whatever, it denying that anything is owing, and an amount less than the claim

is paid to the claimant in settlement of the controversy, and he executes a full acquittance and release, and surrenders the policy, and an action at law on the policy can not be maintained. without a return or a tender of the amount received, and even though the party's assent to the settlement was obtained by the fraudulent representations of the other party, and the amount received as the settlement is in the petition credited to a payment on the policy.''

The opinion in this case was prepared by Judge Spear. Of course, it is conceded on the part of the plaintiff here that if this is a suit on this policy, the case of *The Manhattan Life Insurance Company* v. *Burke* must apply and must settle it against her. But she says: I have brought a suit for a fraud perpetrated upon me; that is to say. I have been damaged in the sum of a thousand dollars because of the misrepresentations made by Willson to me. But really is that the substance of it? Is there anything in the claim that this is not a straight suit upon this policy? The only reason in the world why the insurance company owes this plaintiff anything, if it does owe her anything, is that it entered into a contract by which it agreed to pay her three thousand dollars, and it failed to pay it. If it does not owe her because of that contract it does not owe at all. If it owes because of that contract, or if there is an open question as to whether it owes upon that contract, then it must not be permitted to the plaintiff to retain what she has received upon it and prosecute her action for more.

We think the case of *The Manhattan Life Insurance Company* v. *Burke* is directly in point, and that it disposes of this case in favor of the defendant, and that the judgment of the court of common pleas was right, and is affirmed.